UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ERIC SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Cause No. 3:04-CV-501AS |
| | ) |
| | ) |
| DAN MCBRIDE, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

This case is before the court on remand from the court of appeals to determine whether the petitioner, Eric Smith, was given the opportunity to attend a hearing held by the Disciplinary Hearing Board (DHB) on May 25, 2004, on a petition alleging that he was a "habitual conduct rule violator." On December 16, 2005, an evidentiary hearing was held. Smith testified and presented one inmate witness, Derek Levi. The respondent produced three correctional officers Desmond Franklin, Edward Ortiz and Michael Lessig, as witnesses, as well as documentary evidence.

Levi testified that he "remembers a little bit" and recalls that Smith was upset that he was not allowed to attend the disciplinary hearing. Levi, who occupied a cell two cells down the range from Smith, does not remember any officers coming to take Smith to a hearing on the night of May 25, 2004, or hear any officers call Smith on the intercom.

Smith testified that he was screened on May 24, 2004, for a disciplinary hearing alleging he was a habitual conduct rule violator. (Respondent's Exhibit 9). Smith was advised of his rights and informed that the hearing could be held as early as May 25, 2004. Smith testified that

no one came for him or contacted him about a hearing on May 25, 2004.  Rather, he first heard that the hearing had taken place the next day when he received the Report of Disciplinary Hearing. (Respondent's Exhibit 10).

The respondent called three witnesses, Correctional Officers Desmond Franklin, Edward Ortiz, and Michael Lessig. Officer Franklin testified that he was working the night shift on May 25, 2004.  During his shift he was notified that Smith was to be taken to a DHB hearing. Officer Franklin testified that he and another officer went to Smith's cell asked him if he was going to the OHB hearing.  Smith refused.  After Smith refused, Officer Franklin reported the refusal to the Correctional Officer Ortiz, the Officer In Charge (OIC) of the shift, so that Smith's refusal could be logged.  Officer Franklin testified that he is "more than 100%" sure that Smith refused to attend the hearing on that evening, and that this was the only time he had been required to notify Smith of a DHB hearing.

Correctional Officer Ortiz was the OIC of the pod on May 25, 2004.  He testified that it was his responsibility to keep the log book and to supervise the officers in their duties. Although he could not independently remember the evening of May 25, 2004, he testified that the logs that are kept are accurate.  The log for that evening indicates that at 9:30 p.m. three officers entered the unit to hold a disciplinary hearing, at 9:35 p.m. offender Smith refused to attend the hearing, and at 9:45 p.m. the officers who were to conduct the hearing left the unit. (Respondent's Exhibit 62).

Correctional Officer Michael Lessig was the chairman of the DHB on the evening of May 25, 2004. He testified that he wrote the report which indicates that Smith refused to attend the hearing. (Respondent's Exhibit 10).  He testified that it is his practice to notify the OIC that

2

he will be in the unit to hold a DHB hearing. He also informs the OIC which offender the hearing was for so that the officers can bring the offender from his cell to the hearing room. He testified that after Smith refused to attend the hearing, the DHB reviewed the documents involved in the case and issued a ruling. Officer Lessig testified that he did not prevent Smith from attending the hearing.

Based on the testimony of all of the witnesses, the court finds that Smith was not deprived of his right to attend the DHB hearing but rather voluntarily refused the opportunity to attend the hearing. The testimony of Officer Franklin clearly establishes that Smith, after being notified of the hearing, refused the right to attend. Additionally, the log kept for that night by Officer Ortiz corroborates Officer Franklin's testimony that Smith refused to attend the hearing. As Officer Lessig's testimony and the log clearly indicate, the DHB was on the unit to hold one hearing that evening, Smith's. The log also shows that after the board was notified that Smith refused to attend the hearing, they deliberated and left the unit at 9:45 p.m. (Respondent's Exhibit 62).

Smith's contention that he was not notified of the hearing and was not permitted to attend is not credible.

Exhibit No. 9, which Smith acknowledges receiving, indicates a hearing will take place not sooner than May 25, 2004. Levi, who remembers that Smith was upset at not attending the hearing, could not testify that Officer Franklin did not come to Smith's cell, only that he did not see Franklin at Smith's cell. Considering the short time it took Franklin to ask Smith if he was going to the hearing and Smith's refusal and the physical distance between Smith's and Levi's cell, it is entirely plausible that Levi missed the entire incident altogether. It is also entirely

3

plausible that Smith was upset, not at his inability to attend the hearing, but rather because of the punishment that the DHB recommended, a loss of 189 days good time credit.  Furthermore, to believe Smith, this Court would have to disbelieve Officers Franklin, Ortiz and Lessig as well as conclude that the corroborating log entries were falsified.  This asks too much.

Therefore, it is the report and recommendation that the petitioner was not denied an opportunity to attend the disciplinary of May 25, 2004.  Rather, it is the conclusion of the undersigned that the petitioner knowingly waived his right to attend the hearing.  As a result, and consistent with the opinion and order of the Court of Appeals, the undersigned recommends that the petitioner's claim that he was denied his constitutional right to attend the disciplinary hearing on May 25, 2004 should be **DENIED**.

> **NOTICE IS HEREBY GIVEN that within ten (10) days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings and/or recommendations.  Fed.R.Civ.P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.**

SO ORDERED.

DATED December 22, 2005

                                       s/Christopher A. Nuechterlein
                                       Christopher A. Nuechterlein
                                       United States Magistrate Judge